IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| ANA TORRES FIGUEROA<br>Plaintiff<br><br>Vs.<br><br>BOCA INC., D/B/A TRAVEL INN MOTEL; LUIS A. CHAVEZ CHAVEZ, his wife NOEMI DOE and the CONJUGAL PARTNERSHIP COMPOSED BY THEM<br>Defendants | CIVIL NUM.: 07-2231 (JAF)<br><br>JURY TRIAL REQUESTED |
|---|---|

RECEIVED & FILED
2007 DEC 26 PM 3:50
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff through the undersigned attorney, and very respectfully STATES, ALLEGES and PRAYS as follows:

## I. INTRODUCTORY STATEMENT

1. The plaintiff, Ana Torres Figueroa, from hereinafter "Torres", brings this action under Title VII of the Civil Rights Act 42 U.S.C. s 2000e et seq., as well as under and various Puerto Rico antidiscrimination statutes, seeking redress from the defendant for conduct in the workplace which constitutes hostile work environment harrasment, and employment discrimination by reason of sex and gender.

## II. JURISDICTION

1. The jurisdiction of this Honorable Court in invoked pursuant to **The Civil Rights Act of 1964 and of 1991, as amended**, from hereinafter "Title VII; The Civil Rights Act of 1991," as amended, from hereinafter "Title VII; section 704 (a) of Title VII." The

plaintiff also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367, and seek relief under Puerto Rico's **Law No. 100 of June 30, 1959**, PR Laws Ann. T. 29 sec. 146 et seq., and; **Law No. 17 of April 22, 1988**, 29 L.P.R.A., sec. 155 et seq.; and **Law No. 69 of July 6, 1985**, 29 L.P.R.A., sec. 1321, et seq.

2. All conditions precedent to jurisdiction under Title VII have been complied with. The plaintiff filed her charge of discrimination before the Equal Employment Opportunity Commission, on July 11th, 2005, and received the Right to Sue letter on October 3rd, 2007.

3. The plaintiff is a citizen of the Commonwealth of Puerto Rico.

4. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

5. This is the proper venue to bring this action, since the facts relating to the cause of action arose in this district.

## III. JURY TRIAL DEMANDED

1. The plaintiff demands a jury trial on all causes of action pleaded in this case.

## IV. PARTIES

1. The plaintiff, is a natural person, of legal age, and resident of Puerto Rico.

2. The defendants, Boca, Inc., D/B/A Travel Inn Motel, are corporations, duly incorporated and authorized to do business in Puerto Rico, and had continuously employed in excess of 20 persons at all times. At all times, the defendants have been an employer as all applicable statutes define that term.

3. The Defendant, Luis A. Chavez Chavez, is a natural person, of legal age and

was a resident of Puerto Rico at the time of the facts narrated herein. He was the Administrator of the Travel Inn Motel and Supervisor of plaintiff. He is known to be married, and therefore his wife Noemi Doe and The Conjugal Partnership Composed by Them are included as defendants in the present cause of action.

## V. FACTS

1. Torres' started working for the defendants, in or around the month of March, 2004, as maintenance personnel.

2. Torres' performance, during all the time that she worked for the defendants, was outstanding, and she worked extremely hard, being the person who was requested to train new employees in the maintenance department.

3. Nevertheless, and notwithstanding Torres' excellent performance, defendant's officers and employees constantly harassed and discriminated against her due to her sex, and gender and also created a hostile working environment, again, due to plaintiff's sex and gender.

4. Among defendants, harassment and discriminatory actions against the plaintiff were always permitted, even though all they knew that the plaintiff had expressed her discomfort with the situation. Such harassment and discriminatory actions were the following:

5. Mr. Luis Chavez, who was the Administrator of the Travel Inn Motel and Torres' immediate supervisor, was continuously making derogatory and discriminatory comments and remarks to the plaintiff, because of her sex, and her physical appearance, sexual desires and fantasies with her.

6. Mr. Luis Chavez was constantly telling Torres, in front of other employees,

that he was going to take her with him on vacations.

7. Mr. Luis Chavez , was constantly making expressions in front of other employees regarding the plaintiffs' size of her breasts, and about other parts of her body such as her legs and eyes, all of which were unwelcomed by Torres.

8. Mr. Luis Chavez , was constantly referring to Torres as "María Félix" or "Libertad Lamarque."

9. As Mr. Luis Chavez gave instructions to Torres regarding the jobs to be performed during her turn, he kept looking at her breasts instead of looking at her face, and while she walked away to perform her duties, he kept looking at her while making comments about the plaintiff's body.

10. That while Torres was performing her duties cleaning the rooms, Mr. Luis Chavez constantly entered the rooms without making noise to see her working, and then he went to tell other employees that she was watching porno movies in the rooms, or watching the "yuca channel."

11. Mr. Luis Chavez, also told Torres several times that he wanted her to give him her youngest child in adoption.

12. Mr. Luis Chavez proposed Torres on several occasions to marry his uncle, who he claimed had lots of money and would die as soon as he saw Torres.

13. That Mr. Luis Chavez, was always making comments to Torres about some kind of noise, like moans coming from the rooms, to which Torres reacted very seriously and avoided to look at his face.

14. Mr. Luis Chavez, gave orders to all employees to never go out with Torres during lunchtime and he forbid Torres to go out with other employees in her car during her

lunch hour.

15. Mr. Luis Chavez, was constantly watching Torres while she was performing her duties and did not allow her to close the door of the room she was cleaning, stating that she was watching porno movies while working.

14. Mr. Luis Chavez also forbid Torres to talk to other employees, specially males, during work hours, because he did not wanted anyone near Torres at any time.

15. Torres complained to defendants' top officers, Eusebio Echevarría and Francisco Chavez, Jr., and Esther about the harassing and discriminatory actions from Mr. Luis Chavez against her, however, the defendants never conducted any type of investigation, nor even took any type of remedial nor corrective measure, in order to put an end to their unlawful and discriminatory practices against the plaintiff. But on the contrary, increased their harassment and discriminatory employment actions against Torres.

16. When Torres complained to defendants' top officers, she was suggested by them to request treatment from the "Corporación del Fondo del Seguro del Estado" or to request Unemployment Benefits from the Labor Department. But instead, Torres decided to request her vacations license.

17. By the time Torres was supposed to return to work from her vacations, she learned that Mr. Luis Chavez was also returning to work. Due to the aforementioned, Torres decided that the only way to avoid such harassing and discriminatory practice against her was not to return to her work, because no action had been taken by defendants to avoid exposing Torres to the harassing and discriminatory actions of Mr. Luis Chavez.

18. Torres, at all times, opposed defendants' unlawful, discriminatory, and

harassing practices, against her. Nevertheless, defendants' officers or representatives never took any type of remedial nor corrective measure, in order to put an end to their unlawful and discriminatory practices against the plaintiff.

19. It must be pointed out that the working conditions of all the other defendants' male employees, were far more better than those of Torres.

20. Mr. Luis Chavez was constantly threatening the plaintiff with her termination if she did not accepted their unlawful and discriminatory conduct against her.

21. Due to plaintiff's rejection to the discriminatory comments and conduct from Mr. Luis Chavez, that latter started to constantly criticize plaintiff's performance. Mr. Luis Chavez was constantly making derogatory comments and remarks with regards to the plaintiff and her performance.

22. The defendants created a hostile working environment against Torres, again, due to her sex, gender, and opposition to defendants' unlawful employment practices, which affected negatively plaintiff's mental and emotional condition, as well as Torres' terms and conditions of employment.

23. Due to defendants actions and omissions against Torres, the latter started receiving treatment with a psychologist and a psychiatrist, due to her mental and emotional state, and both concluded that Torres was suffering from a severe major depression disorder.

24. Mr. Luis Chavez constantly threatened the plaintiff, by saying to her that if she did not liked the way he talked to her she was free to walk away but if she complained her job would be terminated.

25. Since the defendants never took any type of remedial nor corrective action

with regards to Torres sexual discrimination complaints, the latter had no other alternative but to involuntarily resign from her position.

26. After Torres filed charges against defendants with the Anti Discrimination Unit of the Department of Labor of the Commonwealth of Puerto Rico and the U.S. Equal Employment Opportunity Commission, she had been continuously followed to her home by unknown people, and she feels threatened and fears for her life and security, as well as her loved ones might be in danger.

27. There can be no doubt that Torres' constructive discharge, as well as the hostile working environment in which she had to work, was motivated by her sex, gender, and her opposition to defendant's unlawful employment practices.

28. As a result of the events described herein, Torres suffered considerable damages, including loss of compensation for her work, economic damages; significant mental, emotional and physical sufferings; loss of self-esteem; as well as an affront to her dignity as a human being.

29. At the time plaintiff was harassed and discriminated by the defendants, the latter was fully aware of the provisions of the Civil Rights Act, and all the other local statutes, supra. Defendants' acted willfully and with reckless disregard of the law in harassing and discriminating against the plaintiff, solely because of Torres' sex, gender, and opposition to defendant's unlawful employment practices.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs, as if fully alleged

herein.

2. Defendants' actions and or omissions constitutes discrimination by reason of sex, gender, and also due to plaintiff's opposition to defendants' unlawful employment practices, in violation of the Constitutions and Laws of the Commonwealth of Puerto Rico, as well as of the United Sates of America.

**SECOND CAUSE OF ACTION**

1. Plaintiffs alleges and realleges all previous paragraphs, as if fully alleged herein.

2. Defendants' actions or omissions constitutes discrimination by reason of sex and gender, in violation Title VII, of Law 100 of June 30, 1959, as amended, 29, L.P.R.A. sec. 146 et seq.; Law 17 of April 22, 1988, 29 L.P.R.A., sec. 155 et seq.; and Law 69 of July 6, 1985, 29 L.P.R.A., sec. 1321, et seq.

**THIRD CAUSE OF ACTION**

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute retaliation in violation to Title VII.

**WHEREFORE**, the plaintiff prays this Honorable Court for:

1. Enter a declaratory judgment against the defendants, due to violations of the Constitution and Laws of the United States of America and of the Commonwealth of Puerto Rico.

2. Award plaintiff damages in the amount of $500,000.00 for mental anguish,

mental and emotional sufferings, distress, and loss of self esteem.

3. Order the defendants to make the plaintiff whole, by ordering damages for loss of income, back pay, front pay, and loss of benefits, in an amount not less than $400,000.00.

4. Award the plaintiff compensatory damages caused as a result of the illegal actions and omission in the amount of $400,000.00.

5. Award the plaintiff punitive damages.

6. Award plaintiff double damages.

7. Award the plaintiff cost of this action, together with reasonable attorney fees.

8. Reinstatement.

9. Award the plaintiff prejudgement interest .

10. Award the plaintiff such further relief as this Honorable Court deems fair and appropriate.

**RESPECTFULLY SUBMITTED.**

In Arecibo, Puerto Rico, this 26th day of December of the year 2007.

S/ Anniebelle Correa-Gutiérrez
ANNIEBELLE CORREA-GUTIERREZ

U.S.D.C. #220410
201 Dr. Salas Street
Corner of José A. Cedeño Avenue
Arecibo, PR 00612
Tel. 815-0808 Fax: 815-0810
E-mail: anniebelle@coqui.net
anniebelle_correa@yahoo.com