UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANA TORRES FIGUEROA,

    Plaintiff,

v.

BOCA INC., et al.,

    Defendants.

Civil No. 07-2231 (JAF)

**OPINION AND ORDER**

Plaintiff Ana Torres Figueroa brings this action against Defendant Boca Inc., doing business as Travel Inn Motel, for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to e-17, and claims under Puerto Rico law and constitution.[1] Docket No. 1. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(f), Docket No. 16; Plaintiff opposes, Docket No. 22; Defendant replies, Docket No. 26.

**I.**

**Factual and Procedural Synopsis**

We take the following facts from the parties' pleadings, motions, statements of uncontested material facts, and exhibits. Docket Nos. 1, 5, 16, 19, 22, 26, 27, 35; see Fed. R. Civ. P. 56(c).

---

[1] Plaintiff voluntarily dismissed all other defendants in this case. Docket Nos. 10, 13.

Civil No. 07-2231 (JAF)                                                    -2-

Defendant operates a motel in Puerto Rico that employs twenty personnel. Plaintiff began working five days a week as a housekeeper for Defendant on March 22, 2004. Luis Chávez supervised all housekeepers for Defendant, including Plaintiff. As part of his supervisory duties, Chávez inspected rooms to assess whether the housekeeping staff had properly cleaned and arranged the furniture, and to confirm that electrical equipment was in working order.

Chávez treated Plaintiff with courtesy for the first three months of her employ, but his demeanor then took a tempestuous turn. Chávez became hot-tempered and screamed at his subordinates without distinction. Chávez frequently asked Plaintiff to redo rooms, even when she was not at fault. Chávez prevented Plaintiff from joining group lunches outside work, citing a policy against such practice. Chávez also changed the time for Plaintiff's lunch break. However, Plaintiff was allowed to take lunch at her convenience on occasion.

Plaintiff learned from her coworkers that Chávez spent more time supervising her than anyone else. Furthermore, while other housekeepers could turn on radios or televisions while cleaning, Chávez denied Plaintiff this privilege. Chávez often entered the rooms Plaintiff was cleaning and undertook to clean the mirrors himself. Chávez would also become enraged when he saw Plaintiff speaking with other male employees.

According to Plaintiff, Chávez almost always looked at her bust when speaking to her. Chávez joked with Plaintiff on several

Civil No. 07-2231 (JAF)                                                    -3-

occasions that he hears moaning noises from the rooms that she cleans. Chávez commented on many occasions to Plaintiff's coworkers that she had sturdy legs. In addition, Chávez commented to another coworker several times that Plaintiff would suffer no harm if she fell forward, a remark that Plaintiff took to relate to her bust size. Chávez also referred to Plaintiff as "María Félix" or "Libertad Lamarque," two famous Latin American screen actresses, outside of her hearing. Chávez even followed Plaintiff, ducking to hide behind objects, when she moved around Defendant's property. When Plaintiff confronted Chávez with his behavior towards her, he threatened Plaintiff with disciplinary action. Plaintiff was unaware at the time that she may have had a cause of action for sexual harassment against Defendant on account of Chávez' conduct.

Plaintiff's duties did not vary over the course of her employment, which she performed to excellence. Plaintiff worked comparable hours to her fellow housekeepers, received the same salary and benefits, and accrued equal days for vacation and leave. Defendant neither disciplined nor terminated Plaintiff; she elected not to return to work after the end of her vacation in April 2005.

Plaintiff filed this action on December 26, 2007, alleging constructive discharge, sexual harassment through creation of a hostile work environment, and retaliation in violation of Title VII,[2]

---

[2] While we construe the complaint to state claims for gender discrimination on the basis of both sexual harassment and constructive

as well as breaches of Commonwealth statutes and constitution.[3] Docket No. 1. Defendant moved for summary judgment on September 5, 2008. Docket No. 16. Plaintiff opposed on October 14, 2008. Docket No. 22. Defendant replied on October 24, 2008. Docket No. 26.

## II.

### Summary Judgment Under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The moving party carries the burden of establishing that there is no genuine issue as to any material fact; however, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 331 (1986). The burden has two components: (1) an

---

discharge, in addition to retaliation, we wish to remind counsel for Plaintiff that Federal Rule of Civil Procedure 8 is no substitute for clarity in setting out the legal theories underlying Plaintiff's causes of action.

[3] We do not address Plaintiff's claim under the federal constitution, Docket No. 1, as no such claim may lie against private persons without some link to governmental action, see The Civil Rights Cases, 109 U.S. 3 (1883).

initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. Id. at 331.

In evaluating a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). However, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III.

### Analysis

Defendant requests summary judgment solely on Plaintiff's claim for sexual harassment under Title VII, arguing that the uncontested facts conclusively preclude Plaintiff from establishing a prima facie case for a hostile working environment. Docket No. 16. Under Title VII, a plaintiff may sue her employer for sex-based discrimination. 42 U.S.C. § 2000e-5(f)(1); see id. § 2000-2(a) (outlawing sex-based discrimination). Title VII authorizes claims for sexual harassment on the basis of hostile work environment. Crowley v. L.L. Bean, Inc., 303 F.3d 387, 394-95 (1st Cir. 2002).

To establish a case under this theory, a plaintiff must show
> (1) that she is a member of a protected class;
> (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter

Civil No. 07-2231 (JAF)                                                    -6-

>     the conditions of plaintiff's employment and
>     create an abusive work environment; (5) that
>     sexually objectionable conduct was both
>     objectively and subjectively offensive, such
>     that a reasonable person would find it hostile
>     or abusive and the victim in fact did perceive
>     it to be so; and (6) that some basis for
>     employer liability has been established.

Id.

The standard for severity and pervasiveness of workplace hostility must be sufficiently demanding so as not to transform Title VII into a general code of civility; thus "sporadic use of abusive language, gender-related jokes, and occasional teasing" may not suffice. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). However, "[t]he point at which a work environment becomes hostile or abusive does not depend on any mathematically precise test." Billings v. Town of Grafton, 515 F.3d 39, 48 (1st Cir. 2008) (internal quotation marks omitted). In any event, "for a male supervisor to stare repeatedly at a female subordinate's breasts is inappropriate and offensive, not merely unprofessional," and summary judgment for defendant is inappropriate as a matter of law when such conduct allegedly occurs in conjunction with other abuses. Id. at 49-50 (internal quotation marks and ellipsis omitted).

Plaintiff complains of myriad offensive acts by her former supervisor, Chávez. Docket No. 18. The parties concur that Chávez closely supervised Plaintiff in her daily work, and that Plaintiff believes Chávez routinely stared at her chest when he addressed her.

Civil No. 07-2231 (JAF)                                                                                          -7-

Docket No. 16-3, at ¶ 28; Docket No. 22-2, at ¶ 1. This alleged conduct, along with Chávez' other off-color remarks and bizarre behavior towards Plaintiff, are sufficient to defeat Defendant's motion for summary judgment. See Billings, 515 F.3d at 50. At the very least, the uncontested facts implicate triable issues of frequency and severity of Chávez' supposed misconduct. See id.

## IV.

## Conclusion

Accordingly, we hereby **DENY** Defendant's motion for summary judgment, Docket No. 16. Trial will proceed on Plaintiff's claims for sexual harassment, constructive discharge, and retaliation under Title VII, and the four claims under the constitution and statutes of Puerto Rico, Docket No. 18.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of February, 2009.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge